## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| DOUG GOODWIN | : | |
| 13117 Ladybank Lane | : | |
| Herndon, Virginia 20171 | : | |
| | : | Civil Action No. 17-cv-1232 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN T. MNUCHIN, | : | |
| SECRETARY OF THE TREASURY | : | (Jury Trial Requested) |
| U.S. DEPARTMENT OF THE TREASURY | : | |
| 1500 Pennsylvania Avenue, NW | : | |
| Washington, DC 20220 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

COMES NOW PLAINTIFF, Doug Goodwin, ("Plaintiff"), by and through undersigned counsel, and for his Complaint against Steven T. Mnuchin, Secretary of the Treasury, United States Department of the Treasury ("Defendant" or the "Agency"), alleges as follows:

1.    Plaintiff brings this action against Defendant for damages arising out of violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. 2000e *et seq.* and the Rehabilitation Act of 1973, 29 U.S.C. §791 *et seq.* ("Rehab Act") because Defendant discriminated against him on the basis of his race (Caucasian), gender (male), disability (diabetes, lupus) in the terms of his employment; Defendant also retaliated against Plaintiff for engaging in prior protected EEO activity.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over the federal claims in this action pursuant to 28 U.S.C. §1331 because the subject matter of Plaintiff's claims is premised on Title VII.

1

3.     This Court has personal jurisdiction over Defendant because Defendant is headquartered in Washington, DC.

4.     Venue is proper in this Court pursuant to 42 U.S.C. Section 2000e-5 and 28 U.S.C. Section 1391 as the Defendant resides within this judicial district and all, or a substantial part of the events giving rise to this claim occurred in this judicial district.

5.     Prior to instituting this action, Plaintiff filed an internal EEO formal Complaint with the Agency.

6.     The Agency issued a Final Decision on or about March 24, 2017.

## PARTIES

7.     Plaintiff resides at 13117 Ladybank Lane, Herndon, Virginia 20171.

8.     Plaintiff is a Caucasian male.

9.     Plaintiff has diagnoses of diabetes and lupus.

10.    At all times relevant hereto, Plaintiff has been employed by the Department of the Treasury, Bureau of Printing and Engraving, 14th & C Streets, S.W., Washington, D.C. 20220.

11.    Defendant is a United States governmental agency that promotes financial stability by reviewing financial systems to measure and analyze risks, perform essential research, and collect and standardize financial data.  The mission of the Bureau of Engraving and Printing ("BEP") within the Agency is to develop and produce United States Currency notes.

## STATEMENT OF FACTS

12.    At all times relevant hereto, Plaintiff has worked at the Bureau of Printing and Engraving as an Acting Plate Printer Supervisor.  His job duties include, but are not limited to, planning and overseeing the daily production of currency, operating equipment and machinery,

implementing and organizing daily staffing assignments, evaluating the performance of subordinates and handling disciplinary issues.

13. Plaintiff's qualifications include over 35 years' experience in plate printing. He has worked for the Agency since 1992 and has held his current position of Acting Plate Printer Assistant Foremen since 2001.

14. Plaintiff was diagnosed with systemic lupus in or around 2004.

15. When Plaintiff has flare-ups related to lupus, he becomes too fatigued to go to work; he, therefore, takes sick leave as needed.

16. Between December 2006 and December 2014, Plaintiff engaged in protected EEP activity when he filed six formal complaints of discrimination. (BEP-07-0053-F, December 2006 (withdrawn); BEP-09-0731-F, July 2009 (race, gender retaliation, hostile work environment; BEP-11-0604-F P, July 2011; BEP-11-0604-F S; BEP-13-0255-F, March 2013, (race, gender, disability, hostile work environment and retaliation); and BEP-15-0897-F, December 2014 (disability, retaliation).

17. Plaintiff's allegations in BEP-13-0255-F included allegations that he was not selected for six separate vacancies, all for supervisory positions.

18. In August 2015, the Agency advertised Vacancy Announcement Number 2015-MFG-615-BC-B10 ("Vacancy" or "Position") for the position of Plate Printer Assistant Supervisor.

19. Since 2001, the individuals who have been selected for a position as a Plate Printer Assistant Supervisor have been African American (7), Hispanic (2) and Caucasian (2).

20. Plaintiff had better qualifications that the candidates selected.

21.     Upon information and belief, African American females have been selected for the position as a Plate Printer Assistant Supervisor despite having less experience and lesser qualifications than Plaintiff

22.     Plaintiff applied for the Position through USAJobs.

23.      Eleven applicants were deemed to be Best Qualified, including Plaintiff.  These eleven applicants were referred to an interviewing panel.

24.     Eleven applicants, including Plaintiff, were interviewed for the Position on September 29, 2015.

25.     David Hatch (Caucasian, male) was Plaintiff's fourth-level supervisor; and Hatch was the selecting official for the Vacancy.

26.     Prior to the Vacancy, Hatch was aware of Plaintiff's gender and race.

27.     Hatch became aware of Plaintiff's prior EEO activity no later than March 2015.

28.     At the time of the Vacancy, Robert Smith was Plaintiff's third-level supervisor.

29.      Prior to the announcement of the Vacancy, he was aware of Plaintiff's prior EEO activity.

30.     Smith was aware that Plaintiff was male, Caucasian, and that he had lupus.

31.     Smith was aware that Plaintiff had named him in EEO complaint BEP-15-0987-F in December 2014, as having discriminated against him because of, among other things, his disability.

32.     Hatch forwarded the list of qualified candidates to Smith; and Smith coordinated the review of the application packages of the candidates, selected the interview panel and developed the interview questions.

33.    Smith selected the members of the interview panel and sent the list to Hatch for approval.

34.    Hatch approved the members of the panel as recommended by Smith.

35.    Three selection panel members, Clifford Daly, Douglas Gandy and Aaron Alexander interviewed and allegedly scored each of the eleven applicants.

36.    The selection panel referred five applicants to the selection official, Hatch, allegedly because these five applicants had the highest interview scores.

37.    The members of the interview panel did not score all eleven candidates. Instead, they each identified their five favorite candidates, discussed them, and *only then* provided a "total" score for each of the five favored candidates.

38.    The members of the interview panel did not provide any scores for the six "unfavored" candidates.

39.    The members of the interview panel were aware of the race and gender of all eleven candidates.

40.    Upon information and belief, the members of the interview panel were aware of the disability status of all eleven candidates.

41.    Upon information and belief, the members of the interview panel were aware of whether any of the eleven candidates had engaged in prior protected EEO activity.

42.    The members of the interview panel were requested to identify the top three candidates and provide their names to the selecting official, Hatch.

43.    Instead, the members of the interview panel identified five candidates and forwarded their names to Hatch.

44.     Upon information and belief, it is alleged that Denita Simmons, Robert Smith and Donovan Elliott met to rate the interviews of the candidates.

45.     Plaintiff had previously filed EEO complaints identifying these individuals as persons who had unlawfully discriminated against him.

46.     The interview panel forwarded its list of five "top" candidates to Hatch.

47.     Hatch then met with Smith to discuss the interview panel's list of candidates; and Hatch then made his selections.

48.     After consulting with Smith, Hatch selected Caywood, Fantozzi, Mosely and Vela to fill the Vacancy, despite the fact that Plaintiff was better qualified than all four selectees.

49.     On October 27, 2015, Plaintiff was notified that he was not selected for the Position.

50.     Plaintiff timely initiated an informal complaint with the Agency's EEO office in December 2015, alleging that he was not selected for the Position because of his race, gender, disability and in retaliation for engaging in prior protected EEO activity.

51.      Plaintiff filed his formal EEO complaint with the Agency on March 14, 2016.

52.     The Agency accepted his formal complaint on March 31, 2016.

53.     The Agency investigated Plaintiff's complaint and issued its Investigative Report on December 29, 2016.

54.     Plaintiff timely requested that the Agency issue a Final Agency Decision ("FAD") on his complaint.

55.     The Agency issued its FAD on March 24, 2017.

## COUNT I
## Race Discrimination
## [Title VII, 42 U.S.C. §2000e *et seq.*]

56.     Plaintiff re-alleges every allegation contained in this Complaint as if set forth fully herein.

57.     At all relevant times, the Agency was and continues to be an "employer" within the meaning of Title VII.

58.     At all relevant times of Plaintiff's employment with the Agency, Plaintiff was and continues to be an "employee" within the meaning of Title VII.

59.     By the acts and omissions alleged above, the Agency intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee, by denying him the Position of Plate Printer Assistant Supervisor under Vacancy Announcement Number 201-MFG-BC-B10, because of his race and in violation of 42 U.S.C. §2000e-2.

60.     As a direct, proximate and foreseeable result of the Agency's unlawful conduct, Plaintiff has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities and expenses in an amount to be proven at trial.

61.     As a direct, proximate and foreseeable result of the Agency's unlawful conduct, Plaintiff has suffered, and will continue to suffer, general physical, mental and psychological damages in the form of mental suffering, pain, anguish and emotional distress, in amounts to be determined and to be proven at trial.

62.     As a result of the Agency's conduct as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided for by applicable law.

## COUNT II
### Sex Discrimination
### [Title VII, 42 U.S.C. § 2000e, *et seq.*]

63.     Plaintiff re-alleges every allegation contained in this Complaint as if fully set forth herein.

64.     At all relevant times, Defendant was and continues to be an "employer" within the meaning of Title VII.

65.     At all relevant times of Plaintiff's employment with Defendant, Plaintiff was and continues to be an "employee" within the meaning of Title VII.

66.     By acts and omissions alleged above, Defendant intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee, by ultimately denying him certain employment opportunities, including promotions, on the basis of his sex and in violation of 42 U.S.C. §2000e-2.

67.     As a direct, proximate, and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses in an amount to be proved at trial.

68.     As a direct, proximate, and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, physical, mental, and psychological damages in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, in amounts within the jurisdictional limits of this Court, to be proved at trial.

69.     As a result of Defendant's conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided for by applicable law.

## COUNT III
### Disability Discrimination
**[The Rehabilitation Act of 1972, 29 U.S.C. § 791 *et seq.*]**

70.     Plaintiff re-alleges every allegation contained in this Complaint as if fully set forth herein.

71.     At all relevant times, Defendant was and continues to be an "employer" within the meaning of the Rehab Act.

72.     At all relevant times of Plaintiff's employment with the Defendant, Plaintiff was and continues to be an "employee" within the meaning of the Rehab Act.

73.     By acts and omissions alleged above, Defendant intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee, by ultimately denying him certain employment opportunities, including promotions, on the basis of his disability and in violation of the Rehab Act.

74.     As a direct, proximate, and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses in an amount to be proven at trial.

75.     As a direct, proximate, and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, physical, mental, and psychological damages in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, in amounts within the jurisdictional limits of this Court, to be proven at trial.

76.     As a result of Defendant's conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided for by applicable law.

## COUNT IV
## Retaliation
## [Title VII, 42 U.S.C. § 2000e, *et seq.*]

77.     Plaintiff re-alleges every allegation contained in this Complaint as if set forth fully within.

78.     Because Plaintiff engaged in protected activity by filing complaints within the meaning of Title VII and the Rehab Act, and the Agency and its agents, knowing about Plaintiff's prior protected EEO activity, the Agency unlawfully discriminated and retaliated against Plaintiff by denying him the Position of Plate Printer Assistant Supervisor under Vacancy Announcement Number 2015-MFG-615-BC-B10.

79.     As a direct, proximate, and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses, in an amount to be proved at trial.

80.     As a direct, proximate, and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, physical, mental, and psychological damages in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, in amounts within the jurisdictional limits of this Court, to be proved at trial.

81.     As a result of Defendant's conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided for by applicable law.

### JURY DEMAND

Plaintiff demands a trial by jury for those issues which are triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Doug Goodwin, prays for the following relief:

a.      Entry of judgment in favor of Plaintiff and against Defendant on all counts;

b.      Lost wages;

c.       Vacate the selection made by the Selecting Official under Vacancy
        Announcement Number 2015-MFG—615-BC-B10, and install Plaintiff in the
        position of Plate Printer Assistant Supervisor, back pay, lost wages and all
        attendant benefits;

d.      Compensatory damages;

e.      Reasonable attorneys' fees and court costs associated with this suit;

f.      Award prejudgment interest, costs and disbursement as appropriate herein; and

g.      Other relief as may be appropriate to effectuate the purposes of Title VII and the
        Rehabilitation Act, and that this Court and jury deems equitable, appropriate, and
        just.

Respectfully submitted,

/s/

Phillis h. Rambsy
The Spiggle Law Firm, PC
4830 A 31st Street, South
Arlington, Virginia 22206
202-499-8527 (telephone)
202-540-540-8018 (facsimile)
prambsy@spigglelaw.com

*Counsel for Plaintiff*